IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN TYLER GROSS,

    Defendant.

Case No. 25-CR-137-SEH

**Unopposed Motion for Protective Order**

    The government moves the Court to enter a Protective Order for discovery and investigative materials that include Personally Identifiable Information belonging to minors, putative and potential victims, and witnesses; images, audio recordings, and video recordings of minors, or putative and potential victims; and materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and in support thereof states as follows:

    1. Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney consulted with counsel for the Defendant, Andrea Brown, regarding her position in reference to this motion and she has no objection to the government's motion.

    2. The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988).

3. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

4. It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial.

5. This investigation includes reports discussing the defendant's children; discovery also includes forensic interviews of the defendant's children, discovery will also potentially include Child Identification Reports from the National Center for Missing &Exploited Children.

6. In order to protect the individuals and to protect the Government's attorney if she discloses to Defendant's counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for all discovery and investigative materials that include Personally Identifiable Information belonging to minors, putative and potential victims, and witnesses; images, audio recordings, and video recordings of minors, or

putative and potential victims; and materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure; requiring that the Defendant shall:

 a. have access to and may view Protected Discovery during meetings with his counsel or any agents working with defendant's counsel on this litigation. Defendant is not permitted to copy or retain access to any Protected Discovery, nor may Defendant use Protected Discovery for any purpose not specifically set forth in the Protective Order;

 b. Counsel for the defendant or agents working with defendant's counsel on this litigation, shall be permitted to show Protected Discovery to witnesses or potential witnesses for purposes of preparing the defense of this matter. Witnesses are not permitted to copy or retain Protected Discovery, nor may witnesses use Protected Discovery for any purposes not specifically set forth in the Protective Order.

 c. Counsel for the defendant shall notify any person shown or receiving Protected Discovery of the restrictions in the Protective Order and shall provide a copy of the Protective Order to those recipients.

 d. Upon conclusion of the litigation, counsel for the defendant shall ensure that the recipients of Protected Discovery return all copies of the discovery, physical, or electronic to counsel and that all recipients delete or destroy any electronic links to Protected Discovery.

7. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials that include Personally

Identifiable Information belonging to minors, putative and potential victims, and witnesses; images, audio recordings, and video recordings of minors, or putative and potential victims; and materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure generated through the criminal investigation.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Ashley Robert*
Ashley Robert, Texas Bar No. 24086955
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1029
(918) 382-2700

## Certificate of Service

    I hereby certify that on the 13th day of May, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Andrea Brown
    *Counsel for Defendant*

    */s/ Ashley Robert*
    Ashley Robert
    Assistant United States Attorney