## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JONATHAN TYLER GROSS,

          Defendant.

Case No. 25-CR-137-SEH

### Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and Ashley Robert, Assistant

United States Attorney, and the defendant, JONATHAN TYLER GROSS, in

person and through counsel, Andrea Brown, respectfully inform the Court that they

have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(B).

**1.**    **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Attempted Receipt of Child Pornography**

**COUNT TWO: 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) – Possession of Child Pornography**

*JG*
_____
Defendant's Initials

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

**2.    Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

    a.  the right to be indicted if proceeding by Information;

    b.  the right to plead not guilty;

    c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

    d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

    e.  the right to assist in the selection of the jury;

    f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

    g.  the right to confront and cross-examine witnesses against the defendant;

    h.  the right to testify on their own behalf and present witnesses in their defense;

    i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

    j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

Revised 05-21-24

Defendant's Initials

k.  the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l.  any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3.     Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.   The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.  The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c.  The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d.  The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

Revised 05-21-24

3

JG
Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

x _Jonathan Gross_

**JONATHAN TYLER GROSS**

**4.     Departure and Variance Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or a variance or departure motion seeking a sentence below that agreed upon by the parties pursuant to Rule 11(c)(1)(B).

**5.     Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6.     Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent

JG

Defendant's Initials

proceeding, including a criminal trial, the following shall be admissible against the

defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

    a.  A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

    b.  The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

    c.  Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

**7.**      **Payment of Monetary Penalties**

a. *Enforcement*

    1)  The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

    2)  The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a <u>minimum</u> schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    3)  The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

    4)  The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

Revised 05-21-24

J G
Defendant's Initials

5)  The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1)  The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2)  The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3)  The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4)  The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5)  The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6)  The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7)  The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

c.  *Restitution for Certain Offenses in Chapters 109A, 110, 110A, 117*

Revised 05-21-24

J G
Defendant's Initials

The defendant acknowledges that restitution ordered by the Court under 18

U.S.C. §§ 2248, 2259, 2264, or 2429 is mandatory, and the amount of restitution

ordered by the Court shall include defendant's total offense conduct. The defendant

acknowledges that 18 U.S.C. § 2259 requires mandatory restitution of not less than

$3,000 per victim.

**8.    Forfeiture Agreement**

The defendant agrees to forfeit, pursuant to 18 U.S.C. § 2253, the property

constituting or derived from proceeds traceable to the offenses and the property, used

or intended to be used, to commit or to promote the commission of such offenses:

**ELECTRONICS**

1. A 16GB SanDisk SD Card, seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

2. A 64GB SanDisk Extreme Plus SD Card seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

3. A HP Tablet in Black case seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

4. Three micro SD cards seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

5. A 32GB Sony SD Card seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

6. A 64GB SanDisk Ultra SD Card seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

7. A portable monitor in grey case: Model M156F01, seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

Revised 05-21-24

Defendant's Initials

8. A pink iPhone seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

9. A black iPhone seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

10. A Silver iPhone S Model: A1633 seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

11. An Apple computer with charger seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

12. A Silver Stone Tower with serial number BQ16090085 seized by law enforcement on April 4, 2025 at 20853 S. 81st West Ave, Mounds, OK 74047; and

13. A Apple iPhone 15 ProMax in blue case with charger seized by law enforcement on April 4, 2025 at from Jonathan Gross' person; and

14. A Black Notebook PC with charger seized by law enforcement on April 4, 2025 in the Toyota Tundra driven by Jonathan Gross.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Revised 05-21-24

J G
Defendant's Initials

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses.  Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it.  Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.  The defendant further understands, pursuant to Rule 32.2(b)(4)(A), that the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in

J G
Defendant's Initials

accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

9.    **Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

b. Based on the crimes of conviction, the District Court may impose additional special monetary assessments under 18 U.S.C. § 3014 and/or 18 U.S.C. § 2259A. Any assessments imposed shall be paid to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

(1) If the District Court imposes those assessments, the defendant hereby agrees to pay a special monetary assessment of $5,000 per count under § 3014 and a special monetary assessment of $17,000.00 per count under § 2259A and a special monetary assessment of $35,000.00 per count under § 2259A.

10.    **Psychosexual Assessment**

If the Court or the United States Probation Office directs, or if the government requests, the defendant agrees to submit to a psychosexual assessment before sentencing in this case, pursuant to 18 U.S.C. § 3552(b). This assessment may include, but shall not be limited to: provider interviews, physiological testing, polygraph, plethysmography, actuarial and diagnostic assessments, as directed by Probation or the provider. The assessment shall be performed as determined by

Revised 05-21-24

10

JG
_____
Defendant's Initials

Probation, or by such other provider selected by Probation, provided that the provider is ATSA-certified or otherwise appropriately qualified, and shall be performed in accordance with the provider's standards and practice. All reports and information from this assessment shall be released to the Probation Department for inclusion in the pre-sentence investigation report. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. Should a psychosexual assessment be requested, the defendant agrees to continue the sentencing date in this case until that assessment is performed and the results of that assessment are provided to the Probation Department.

**11.    Factual Basis and Elements**

To convict defendant under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), the government must prove the following elements beyond a reasonable doubt:

**First:**      The defendant intended to commit the offense of receipt of child pornography;

**Second:**   The defendant took a substantial step toward the commission of that crime; and

**Third:**     The act occurred in the Northern District of Oklahoma and elsewhere.

The elements of Receipt of Child Pornography are as follows:

**A)**         The defendant knowingly received a visual depiction;

Revised 05-21-24

11

_JG_
Defendant's Initials

     **B)**     The visual depiction was received using any means or facility of interstate or foreign commerce;

     **C)**     The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

     **D)**     The visual depiction was of a minor engaging in sexually explicit conduct; and

     **E)**     The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction showed the minor engaged in sexually explicit conduct

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), the government must prove the following elements beyond a reasonable doubt:

     **First:**     The defendant knowingly possessed or accessed with intent to view a visual depiction of sexually explicit conduct;

     **Second:**     The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

     **Third:**     The visual depiction was of a minor engaging in sexually explicit conduct;

     **Fourth:**     The defendant knew the visual depiction involved a minor engaging in sexually explicit conduct;

     **Fifth:**     The visual depiction was shipped or transported using any means or facility of interstate or foreign commerce;

     **Sixth:**     At least one of the visual depictions involved a minor who had not

Revised 05-21-24

JG
_____
Defendant's Initials

attained 12 years of age engaging in sexually explicit conduct; and

**Seventh:**    The act occurred in the Northern District of Oklahoma and elsewhere.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, JONATHAN TYLER GROSS, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts 1 - 2 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> I, Jonathan Tyler Gross, admit that from on or about January 1, 2016, to on or about January 7, 2019, in the Northern District of Oklahoma and elsewhere, using an electronic device and the Internet, which is a facility of interstate and foreign commerce, I used multiple different Snapchat accounts to message MV. I told the MV I was somebody else and I used multiple Snapchat accounts in order to prevent MV from finding out who I was. I knew MV was 15 years-old in 2016 because I knew MV personally and MV worked for me as a housekeeper and babysitter. I knowingly attempted to receive photographs of MV engaged in sexually explicit conduct that meets the definition of sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A). I communicated with MV through messages on Snapchat and I intended my messages to persuade, induce, entice, or coerce MV into ultimately sending me sexually explicit photos.
>
> I further admit that from on or about November 16, 2022, to on or about April 1, 2025, within the Northern District of Oklahoma and elsewhere, I knowingly possessed video and image files containing visual depictions of minors engaged in sexually explicit conduct. I admit that these images I possessed had been shipped or transported

Revised 05-21-24

13

*JG*

Defendant's Initials

using any means or facility of interstate or foreign commerce, including by computer. Specifically, these images were accessed via the Internet. I further admit that some of these files contained minors under the age of 12 engaging in sexually explicit conduct that meets the definition of sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A).

_____    _10/22/25_____
JONATHAN TYLER GROSS        Date
Defendant

### 12.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Information. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

Revised 05-21-24

Defendant's Initials

13.    **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

14.    **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

15

Revised 05-21-24

Defendant's Initials

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 15.    Registration Under the Sex Offender Registration and Notification Act.

The defendant further understands, acknowledges, and agrees:

a.  The defendant is required to register as a sex offender and keep that registration current in all jurisdictions where the defendant (1) resides; (2) is an employee; and (3) is a student;

b.  The registration requirements include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information;

c.  The defendant must keep the registration current, which includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, within three business days after any change of name, residence, employment, or student status;

Revised 05-21-24

Defendant's Initials

d.  If the defendant possesses a passport, it will be marked with a unique identifier identifying them as a convicted sex offender;

e.  If the defendant seeks to travel outside the United States, he must notify the jurisdiction of residence about the planned travel at least 21 days before that travel;

f.  Failure to comply with these obligations subjects the defendant to prosecution for failure to register under 18 U.S.C. § 2250; and

g.  By pleading guilty to certain sex offenses, the defendant may become ineligible for certain federal benefits.

**16.  Sentence**

a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) the minimum mandatory statutory sentence is 5 years of imprisonment, the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court must include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of at least 5 years and up to life as to both counts one and two. Violation of any condition of supervised release may result in revocation, or

17

Defendant's Initials

modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

    c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

**17.**    **Stipulations**

The defendant and the United States agree and stipulate:

    a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties recommend that the appropriate sentence in this case is a sentence of at least 97 months of imprisonment.

The parties understand that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, as to questions of fact, determination of the correct advisory sentencing guideline calculation, or the sentencing recommendation of the parties, and that neither the defendant nor the United States has the right to withdraw from the plea agreement if the Court imposes a sentence inconsistent with the recommendation. The parties have considered various factors

Revised 05-21-24

J 6

Defendant's Initials

in fashioning this sentencing recommendation, including the strength of the evidence, the emotional and psychological toll on the victim if this case were to go to trial, judicial economy, the interests of justice, and the defendant's acceptance of responsibility. For these reasons, a sentence of at least 97 months of imprisonment meets the sentencing goals for this type of case and this defendant.

The above stipulations are contingent on the defendant not engaging in any additional criminal activity between defendant's change of plea and sentencing. Any additional criminal activity committed by the defendant during that time will constitute a breach of the plea agreement, will void the government's obligations under this paragraph to recommend any particular outcome in this case, and will not excuse the defendant from performing his obligations under this agreement.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without

Defendant's Initials

limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 18.   **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If JONATHAN TYLER GROSS, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may

Revised 05-21-24

20

Defendant's Initials

continue to enforce the agreement but will no longer be bound by any particular

provision in this agreement, unless the Court determines that the government acted

in bad faith to bring about the attempted plea withdrawal.

**19.   Conclusion**

No agreements, representations or understandings have been made between the

parties in this case, other than those which are explicitly set forth in this plea

agreement and the Plea Agreement Supplement that the United States will file in this

case (as it does in every case, even if there are no additional terms) and none will be

entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

_____        _____
ASHLEY ROBERT                           10/20/25
Assistant United States Attorney        Dated

_____        _____
ANDREA BROWN                            10/22/25
Attorney for Defendant                  Dated

_____        _____
JONATHAN TYLER GROSS                    10/22/25
Defendant                               Dated

Revised 05-21-24

_____
J G
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

x _____     ___10/22/25_____
JONATHAN TYLER GROSS            Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____     ___10/22/25_____
ANDREA BROWN                   Dated
Counsel for the Defendant

Revised 05-21-24

_____
Defendant's Initials