IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 25-CR-137-SEH |
| JONATHAN TYLER GROSS, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A NONGUIDELINE SENTENCE**

The Defendant, Jonathan Gross, respectfully moves for the Court to impose a nonguideline sentence. On October 22, 2025, Mr. Gross entered a plea of guilty to Count One: Attempted Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and Count Two: Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2) (Dkt. #45.) He was remanded into custody. The Pre-Sentence Investigation Report ("PSR") in this case finds that Defendant has a Total Offense Level of 33 and is a Criminal History Category of I, resulting in a sentencing range of 135 to 168 months of incarceration followed by supervised release of 5 years to life. Mr. Gross respectfully asks this Court to impose a nonguideline sentence of no more than 97 months, with credit for time served, followed a term of supervised release.

**SUMMARY OF ARGUMENT**

Considering the statutory sentencing factors and the goals of sentencing, Mr. Gross urges the Court to impose a sentence of no more than 97 months followed by a term of supervised release, including special sex offender conditions and compliance with the Sex Offender Registration and

1

Notification Act. Mr. Gross asserts that the following specific grounds in support of this nonguideline sentence and asks this Court to use its discretion to grant variances:

1. While Mr. Gross committed the offenses charged and pled to, he is generally a non-violent and law-abiding citizen.

2. A sentence of no more than 97 months followed by a term of supervised release results in a sentence that is sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

3. Mr. Gross has served more than 3 months in the Okmulgee County Jail since his guilty plea and has demonstrated exemplary behavior. Since October, he has voluntarily participated in several programs and services available at the jail. He completed the Building Bridges Playbook curriculum, the Sobriety E-Book, and the Changing the Way You Think curriculum. He has caused no problems and has not been a participant in any altercations. (*See* letter from Amy Pangle, *Okmulgee County Criminal Justice Authority*, dated 1/6/26.)

4. Mr. Gross has never been convicted of or incarcerated for any felony or misdemeanor offense. A felony conviction in this case, a shorter prison sentence, a term of supervised release, and compliance with the Sex Offender Registration and Notification Act will punish and deter him from further criminal conduct.

5. Mr. Gross voluntarily submitted to a Psychosexual Evaluation prior to any plea offers and his guilty plea. His Psychosexual Evaluation states his risk of sexual recidivism is below average. (*See* Psychosexual Evaluation, conducted on 5/16/25 by Randy Lopp, MHR, LPC, LADC.)

6. Mr. Gross is a victim of childhood sexual abuse, which properly can and should be taken into account when determining proper punishment.

7. Mr. Gross is an extremely involved parent and the sole provider for his family, which makes recidivism less likely. He has made extraordinary arrangements in an attempt to provide for his family during his incarceration, and fully anticipates making every legal effort to continue to support them upon his release from incarceration.

8. Mr. Gross has enormous support in the community as evidenced by the multitude of genuinely encouraging letters provided by counsel for Defendant alongside his Sentencing Memorandum (Dkt. #51.)

9. Mr. Gross voluntarily sought aggressive treatment and counseling from every source available in our community prior to and after his arrest and charges. He has already completed and/or begun and continued until his incarceration more treatment than is regularly court-ordered in cases such as his, and then some more in addition to what is typically required of convicted sex offenders. Mr. Gross has demonstrated not only a willingness to seek treatment but demonstrated a year-long amenability to treatment. (*See* Defendant's Sentencing Memorandum and accompanying letters.)

All of these considerations, taken together, justify the sentence requested as sufficient, but not greater than necessary, to satisfy the statutory goals of sentencing in this case.

## ARGUMENT AND AUTHORITY

Prior to the instant offense, Mr. Gross had never been charged with any crime. He has no criminal history and has generally lived his life well. Mr. Gross fully accepts responsibility for his actions but requests this Court to consider that his conduct was the result of a pornography addiction and sexual abuse accompanied by expose to pornography at a young age. He was 36-years old at the time of his arrest. By all accounts, he is a good, devoted, loving father to two children who love and adore him. He has long been the sole financial provider for his family, who he acknowledges has suffered extremely and unnecessarily as a result of his criminal activity.

In *Booker*, the Supreme Court held that 18 U.S.C. § 3553(b) violates the Sixth Amendment to the extent it makes the federal Sentencing Guidelines mandatory. *United States v. Booker*, 543 U.S. 220, 245 (2005). The Sentencing Reform Act, as revised by *Booker*, permits a sentencing court to tailor a sentence in light of statutory concerns. See 18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 245. Under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 245.

The intent of Section 3553 is for the sentencing court to impose a sentence sufficient, but not greater than necessary, to accomplish the purposes set forth therein. Trial courts "are allowed to contextually evaluate each §3553(a) factor, including those facts the relevant guideline(s) already purport to take into account, even if the facts of the case are less than extraordinary." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1263 (10th Cir. 2014), *quoting United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). The requested sentence would fulfill the goal of imposing a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2). Mr. Gross has served more than 3 months in the county jail and has already made a positive impact therein.

The sex offender conditions of supervised release will serve as a form of punishment. Although custodial sentences are more severe, courts recognize that offenders on supervised release are nonetheless being punished. *Gall v. United States*, 552 U.S. 38, 48 (2007) (offenders on probation are "subject to several standard conditions that substantially restrict their liberty"); *United States v. Walker*, 918 F.3d 1134, 1150 (10th Cir. 2019) (increased term of probation enhanced the severity of the defendant's sentence). Defendants, particularly sex offenders, on supervised release have diminished rights and face the possibility of further incarceration for noncompliance. Mr. Gross will be under the special rules of sex offender supervision by a federal probation officer for a minimum term of 5 years, and his basic rights will be severely restricted. Moreover, he will face the prospect of further incarceration for any violation of the terms of his release. These restrictions and the potential for further incarceration are a form of punishment and should be considered in granting a variance.

In crafting a proper sentence, this Court must consider the circumstances and history of the defendant. See 18 U.S.C. § 3553(a)(1). A sentencing judge is "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (additional citation omitted); *United States v. Henson*, 9 F.4th 1258, 1293 (10th Cir. 2021).

Mr. Gross has no criminal history and has shown that she can be successful on probation and in treatment. While never having been charged with a crime, he has been in intensive treatment voluntarily for nearly a year. Furthermore, he has already undertaken to complete and provide this Court and the Government with a Psychosexual Evaluation and begun the recommended treatment protocols. Per his Psychosexual Evaluation, his risk of sexual recidivism is low – below average. Mr. Gross has made every effort to address his pornography addiction, to educate himself, and to

re-train his brain with regard to sexual norms and expectations. Although he has struggled at times to manage his pornography addiction, Mr. Gross has demonstrated a sincere and prolonged history of seeking out treatment and help.

Being a convicted felon will have a lasting and serious impact on Mr. Gross' life, along with the lives of his children, which courts have recognized. It is proper for sentencing courts to "fully recognize the anguish and the penalty and the burden that persons face when called to account, as these men are, for the wrong that they committed." *United States v. Prosperi*, 686 F.3d 32 (1st Cir. 2012). It is obvious that "a felony conviction irreparably damages one's reputation." *United States v. Wulff*, 758 F.2d 1121, 1125 (6th Cir. 1985). "The stigma of a felony conviction is permanent and pervasive." *See United States v. Smith*, 683 F.2d 1236, 1240 (9th Cir. 1982). The collateral consequences of Mr. Gross' conviction and need to register as a sex offender will be severe. It will eliminate many of his valuable rights under the law and will affect his employment options. Additionally, Mr. Gross will have to manage the brunt of these consequences after having served a term of incarceration. The collateral consequences of Mr. Gross' conviction will continue to punish him and his family long after he has served his term of incarceration and should be considered.

Mr. Gross' need and desire to support and care for his wife and two minor children makes recidivism less likely. Society also benefits more from him resuming his duties as a parent as opposed to his maintaining status as an inmate. Although Mrs. Gross and the Gross-family "village" are providing care for the children during Mr. Gross' incarceration for this offense, he has long been a significant part of his still-young children's lives. Mr. Gross is the sole provider for his family. The instant offense and its consequences have been hanging over him for a year, and he used that time to make difficult but appropriate financial decisions in order to allow his

wife and children to live somewhat comfortably while he is incarcerated. Mr. Gross sold all his family's comfort items, including their home, their vehicles and an airplane, in order to provide a safe but manageable "home" for them to reside in while he is away.

The time Mr. Gross has and will spend away from his children while incarcerated has hurt them and damaged their relationship, but that damage is repairable. His children are still young, but they depend on and rely on their father. Too many months or years of incarceration will only serve to make reunification needlessly harder. It will also subject his children to the unintended consequences of the instability caused by prolonged incarceration. Mr. Gross has already demonstrated that he can be counted on to abide by the law and the conditions of his treatment and release. Mr. Gross implores this Court to recognize the positive impact he has made and can continue to make on his young children's lives.

## CONCLUSION

The Court should vary from the Guideline range and impose a sentence of no more than 97 months of incarceration followed by a term of supervision that includes special sex offender conditions that allow for Mr. Gross to continue to undergo the treatment recommended by his Psychosexual Evaluation that he has already voluntarily undertaken.

Respectfully submitted,

Andrea Brown

By: /s/ *Andrea Brown*
    Andrea Brown, OBA No. 22682
    Brown Fu & Associates
    2727 E. 21st Street, Suite 312
    Tulsa, Oklahoma 74114
    (918) 549-0946 (office)
    (918) 625-1098 (cell)
    *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the date of filing, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Ashley Robert
Assistant United States Attorney

                                       s/*Andrea Brown*
                                       Andrea Brown